UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> TANK CAR CORPORATION OF ) <br> AMERICA, ) <br> ) <br> ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. |

**COMPLAINT**

Plaintiff, the United States of America, by authority of the Attorney General, and at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), by and through their undersigned attorneys, files this Compliant against Tank Car Corporation of America ("Defendant") and alleges as follows:

**INTRODUCTION**

1. This is a civil action brought pursuant to Section 107 and Section 113 of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9607 and 9613, for (a) recovery of response costs incurred and to be incurred by the United States in response to the release or threatened release of hazardous substances at the Tank Car Corporation of America property located at and around 1725 Walnut Avenue in Oreland, Montgomery County, Pennsylvania and adjacent properties ("the Site"); and (b) a declaratory judgment on liability that will be binding in future actions to recover further response costs.

1

## JURISDICTION AND VENUE

2. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1345 and pursuant to Sections 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9607(a) and 9613(b).

3. Venue is proper in the Eastern District of Pennsylvania pursuant to 28 U.S.C. § 1391 and Section 113(b) of CERCLA, 42 U.S.C. § 9613(b), because the claims arose, and the actual or threatened releases of hazardous substances occurred, in this judicial district.

## DEFENDANT

4. Defendant Tank Car Corporation of America is a corporation formed under the laws of Delaware.

5. Defendant Tank Car Corporation of America is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

## STATUTORY BACKGROUND

6. CERCLA was enacted in 1980 to provide a comprehensive governmental mechanism for responding to releases and threatened releases of hazardous substances and pollutants and contaminants, and for funding the costs of such actions and related enforcement activities, which are collectively known as "response" actions. 42 U.S.C. §§ 9604(a), 9601(25).

7. Pursuant to Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), the President of the United States is authorized to take action consistent with the National Oil and Hazardous Substances Pollution Contingency Plan, 40 C.F.R. § 300 *et seq.* ("NCP"), promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605, to address the release or substantial threat of release of any hazardous substance or pollutant or contaminant into the environment. Executive Order 12,580 delegates this authority to EPA.

8. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides in pertinent part that four categories of potentially responsible parties shall be liable for "all costs of removal or remedial action incurred" by the United States which are not inconsistent with the NCP: (1) owners and operators of a facility, (2) any person who owned or operated a facility at the time hazardous substances were disposed of; (3) any person who arranged for disposal of hazardous substances at a facility; and (4) any person who transported hazardous substances to a facility selected by such person. 42 U.S.C. § 9607(a)(1)-(4).

9. Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), provides in pertinent part that in any action for recovery of costs "the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages."

## GENERAL ALLEGATIONS

10. The Site consists of the Tank Car Corporation of America property located at and around 1725 Walnut Avenue in Oreland, Montgomery County, Pennsylvania ("Tank Car Property") and properties adjacent to the Tank Car Property to which hazardous substances migrated from the Tank Car Property.

11. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

12. Defendant owned the Tank Car Property from approximately 1921 until at least October 30, 2015.

13. From approximately 1921 until 2000, Defendant operated a railroad tank car rehabilitation business at the Tank Car Property.

14. Defendant's operations at the Tank Car Property included, among other things, cleaning railroad tank cars, removing residual materials from railroad tank cars, sandblasting railroad tank cars, and painting railroad tank cars.

15. During the years of Defendant's operation, it received thousands of railroad tank cars at its facility.

16. Railroad tank cars received at Defendant's facility scheduled for cleaning were drained of residual materials contained in the railroad tank cars and steam rinsed.

17. Prior to 1972, the residual materials and steam-rinsed water were disposed of into an unlined lagoon system at the Tank Car Property.

18. After 1972, the residual materials and steam-rinsed water were disposed of into railroad tank cars buried at the Tank Car Property.

19. The residual materials and steam-rinsed water disposed of by Defendant contaminated the Site with numerous contaminants and hazardous substances including, *inter alia*, arsenic, beryllium, lead, manganese, zinc, nickel, and copper.

20. Arsenic, beryllium, lead, manganese, zinc, nickel, copper, and several of the other contaminants found at the Site are designated "hazardous substances" identified in 40 C.F.R. § 302.4, promulgated pursuant to 42 U.S.C. § 9602.

21. During the years of Defendant's operation, Defendant's operational practices also included sandblasting railroad tank cars prior to painting the railroad tank cars.

22. Defendant's operational practice of sandblasting railroad tank cars prior to painting the railroad tank cars produced tons of contaminated sandblasting grit at the Tank Car Property.

23. The sandblasting grit contained, *inter alia*, polycyclic aromatic hydrocarbons ("PAHs") such as benzo(a)pyrene and lead, designated "hazardous substances" identified in 40 C.F.R. § 302.4, promulgated pursuant to 42 U.S.C. § 9602.

24. The contaminated sandblasting grit migrated from the Tank Car Property to adjacent properties and was found by EPA throughout the Site.

25. The releases described in Paragraphs 17 through 24 resulted in contamination of the Site with designated hazardous substances identified in 40 C.F.R. § 302.4, including arsenic, beryllium, lead, manganese, zinc, nickel, copper, and PAHs such as benzo(a)pyrene.

26. There have been releases and or threatened releases as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances including arsenic, beryllium, lead, manganese, zinc, nickel, copper, and PAHs such as benzo(a)pyrene into the environment at the Site.

27. EPA selected a removal response action for the Site in January 2007. The response was subsequently modified as additional information was developed about the nature and extent of contamination.

28. EPA's removal response action involved, *inter alia*, the removal of hazardous substances from tanks and piping, contaminated soils, and the formerly used lagoon system; consolidation of lead-contaminated sandblasting grit onto a portion of the Tank Car Property; and placement of a cover atop portions of the Tank Car Property.

29. EPA's on-site removal response action was completed on or about May 10, 2011.

30. As a result of the releases or threatened releases of hazardous substances at the Site, the United States has incurred costs for actions authorized by Section 104 of CERCLA, 42 U.S.C. § 9604.

31. As of March 29, 2016, the United States has incurred unreimbursed response costs of $5,709,329.48.

32. The costs incurred by the United States in connection with the Site were incurred in a manner not inconsistent with the NCP, 40 C.F.R. § 300 *et seq.*, promulgated pursuant to Section 105 of CERCLA, 42 U.S.C. § 9605.

33. The United States may incur additional response costs for actions at the Site to address groundwater contamination through, *inter alia*, further studies, cleanup activities, and enforcement costs.

## CLAIM FOR RECOVERY OF RESPONSE COSTS

*(Owner and Operator Liability under CERCLA Section 107(a)(1), 42 U.S.C. § 9607(a)(1) and CERCLA Section 107(a)(2), 42 U.S.C. § 9607(a)(2))*

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. Defendant is a "person" within the meaning of Section 101(21) of CERCLA, 42 U.S.C. § 9601(21).

36. The Site is a "facility" within the meaning of Section 101(9) of CERCLA, 42 U.S.C. § 9601(9).

37. "Hazardous substances," within the meaning of Section 101(14) of CERCLA, 42 U.S.C. § 9601(14) were disposed of at the Site.

38. There has been a "release" or threatened "release," as defined by Section 101(22) of CERCLA, 42 U.S.C. § 9601(22), of hazardous substances into the environment at the Site.

39. In accordance with Section 104(a) of CERCLA, 42 U.S.C. § 9604(a), and the NCP, EPA conducted a removal action at the Site to protect public health, welfare, or the environment. EPA has incurred response costs in connection with its actions related to the Site.

6

40. Defendant is the owner and operator of the facility within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), because it owned and operated the Tank Car Property from approximately 1921 until at least October 30, 2015, during which time response costs were incurred by the United States.

41. Defendant was the owner and operator of the facility within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), because it owned and operated the Tank Car Property from approximately 1921 until 2000, during which time hazardous substances were disposed of there.

42. Pursuant to Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), Defendant is liable to the United States for the payment of response costs incurred by the United States as a result of the response actions taken with respect to the contamination at the Site.

## CLAIM FOR DECLARATORY JUDGMENT

*(Declaratory Judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2))*

43. Paragraphs 1 through 42 are realleged and incorporated herein by reference.

44. The United States may continue to incur response costs at the Site to address groundwater contamination through, *inter alia*, further studies, cleanup activities, and enforcement costs.

45. Defendant is subject to a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), on liability for response costs or damages that will be binding on any subsequent actions to recover further response costs or damages.

## PRAYER FOR RELIEF

WHEREFORE, the United States of America respectfully requests that this Court enter a judgment against Defendant as follows:

46. Finding Defendant liable pursuant to Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1), and ordering Defendant to pay all response costs incurred and to be incurred by the United States, plus accrued interest;

47. Finding Defendant liable pursuant to Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2), and ordering Defendant to pay all response costs incurred and to be incurred by the United States, plus accrued interest;

48. Enter a declaratory judgment under Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), against Defendant on liability that will be binding in any subsequent action to recover further response costs or damages;

49. Grant the United States such other and further relief as the Court deems just and proper.

Respectfully Submitted,

*/s/ Nathaniel Douglas*
NATHANIEL DOUGLAS
Deputy Section Chief
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice

*/s/ Alexandra B. Sherertz*
ALEXANDRA B. SHERERTZ
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
U.S. Department of Justice
Ben Franklin Station
P.O. Box 7611
Washington, D.C. 20044
(202) 514-0414
Alexandra.Sherertz@usdoj.gov

OF COUNSEL:

ANDREW S. GOLDMAN (3RC41)
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103

MARY RUGALA (3RC43)
Senior Assistant Regional Counsel
U.S. Environmental Protection Agency, Region III
1650 Arch Street
Philadelphia, PA 19103